81,420-02

Mr. Joe O. Conway
#1904890
Eastham Unit
2665 Prison Rd. #1
Lovelady, Tx. 75851

November 9, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 19 2015

Abel Acosta, Clerk

Hon. Abel Acosta - Clerk
209 W. 14th Street
Rm. 106
Austin, Tx. 78711-2308

Re: Cause No. WR-81,420-02

Dear Mr. Acosta,

Please find enclosed my "Petitioner's Copy of Public Record" to be submitted with the Court as these are my diligent efforts to develop the record.

I was not able to staple the contents together for your convenience. However, I have been inclined to include a list of the contents to satisfy my fears that some unforeseen error may occur. That list is included as the very next page and all the contents following that list ~~are~~ should be consolidated as one item. Also, I thank you in advance for your effort.

With Sincere Regard

## CONTENTS DESCRIPTION

CONTENTS = 1 Complete Document for filing.

1. Petitioner's Copy of Public Record
   (5 pages)

2. Affidavit
   (2 pages)

3. Document 1 = Det. Mike Allen's Supplemental Incident Report
   (5 pages)

4. Document 2 = Deputy Daniel Evans Supplemental Incident Report
   (9 pages)

CASE NO. WR-81,420-02

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Ex parte Joe W. Conway

PETITIONER'S
COPY OF PUBLIC RECORD
WITH EXPLANATION OF RELEVANCY

Pro-se petitioner, Joe W. Conway provides this Honorable Court, pursuant to the Texas Rules of Evidence Rule 103(a)(2), Rule 402 and Rule 1005 with an accurate and verbatim hand written copy of the Supplemental Incident Reports submitted as IR Number: 2013060096 by Detective Mike Allen and Deputy Daniel Evans both of the Caldwell County Sheriff's Office which is regarding the events that led up to the petitioner's conviction in Texas v. Conway, Cause No. 13-169 in the 421st District Court of Caldwell County, Texas and is therefore the same conviction in-question within the petitioner's writ of habeas corpus.

These reports are relevant to this writ of habeas corpus because they contain material facts that support the claims presented within the petition.

In essence, the petitioner's 11.07 asserts that his guilty plea is invalid because he was not afforded the effective assistance of counsel during the plea process because counsel failed to present, as an option to rejecting the prosecutions plea offer, the Fourth Amendment defense that is specifically encompassed within the terms and conditions of the inventory that was conducted on his vehicle, and/or the elemental issues regarding an arrest that is not legally supported and/or a detention that is pretextual.

Initially, the petitioner was under the impression that the District Court's record of this case would include these incident reports which concern the events that led pto the indictment and eventually the conviction, But now, being in receipt of the Court's Order the petitioner has noticed that the clerk is not providing this court with any documents beyond what concerns the very conviction that is being challenged.

This Court is urged to take judicial notice of the fact that the petitioner's claim of ineffective assistance is grounded on the fact that counsel did not present the option of rejecting the prosecutions plea offer to pursue the Fourth Amendment defense that was available from the events that took place during the course of detention and arrest, but instead pursuaded the petitioner to plead guilty to a charge that is procured from constitutionally offense conduct. Conduct that only the incident reports (IR Number: 2013060092) can reveal.

Precisely, Detective Allen's Incident Report (Document 1) primarily reveals as the writ and its memorandum imply Deputy McConnell's traffic stop is unlawfully converted into a narcotics investigation in its many facets.

The report also reveals that the DMV appropriately concludes that the license plates being displayed on the petitioner's recently purchased truck are genuine but registered to another vehicle. And although the purpose for the stop is finished, the arrest is left pending and the stop is prolonged beyond its initial purpose so that Detective Allen can achieve his investigatory agenda which is specifically to search the petitioner's truck. And the method the official utilizes to perform his warrantless/non-consensual search is an 'inventory' procedure. But during that "inventory" Detective Allen according to the Supreme Court impermissibly exceeds its function by using the procedure as a guise for his investigative agenda.

It is these facts and circumstances and the legal contours that apply to these facts and circumstances as demonstrated in the memorandum attached to the petition that counsel failed to present as a viable defense option. And it is specifically counsel's failure to discharge his professional obligations regarding these facts and circumstances encompassed within this case that the petitioner contends violated his state and federal constitutional right to effective assistance of counsel.

And finally, it is the ineffective assistance of counsel that specifically left the petitioner [during the plea process] "without knowing" that encompassed within the facts and circumstances of this case that there was a viable and potentially prevailable Fourth Amendment defense available to him as an option to rejecting the prosecutions plea offer.

It is the "without knowing" that inevitably implicates the validity of the petitioner's guilty plea, because the petitioner did not make the decision to plead guilty between the choice of proceeding to trial with these elements developed into a Fourth Amendment defense or forfeiting that defense and deciding to plead guilty to receive the prosecutions deal.

In these circumstances counsel has breached his professional obligation and the expense of the petitioner's fundamental state and federal constitutional right of the assistance of counsel. And it is specifically counsel's breach of his professional obligation that prejudiced the petitioner out of this defense option.

Consequently that implicates the validity of the petitioner's guilty plea conviction and in essence "the legality of the Petitioner's confinement" specifically because that confinement is being served from a conviction that is unconstitutional and therefore unlawful and/or illegal.

# PRAYER

WHERETOFORE, the Petitioner's prayer is that this Court will accept his diligent effort to provide the verbatim hand-written copies of the official supplemental incident reports hereto attached that has revealed for the Petitioner counsel's omission that deprived him of a viable defense he would have otherwise sought to pursue and therefore is cause for this writ of habeas corpus.

IN ADDITION, the Petitioner prays this court will grant an evidentiary hearing so that the accuracy of these reports can be verified and he can develop the record to adequately satisfy the burden of proof he shoulders.

EXECUTED ON THIS 9th DAY OF November, 2015.

RESPECTFULLY SUBMITTED,

Joe W. Conway
TDCJ-ID # 1904890
Eastham Unit
2665 Prison Rd. #1
Lovelady, Tx. 75851

PG. 5                    5 of 5

# AFFIDAVIT

STATE OF TEXAS

COUNTY OF HOUSTON

Cause No. WR-81,420-02

My name is Joe W. Conway TDCJ-ID # 1904890. I am over the age of eighteen and competent to make this affidavit.

I am giving this affidavit regarding its attachments hereto labeled Document 1 and Document 2. Documents 1 and 2 are an exact, accurate verbatim hand-written copy of the Supplemental Incident Reports IR Number: 2013060096 submitted by Detective Mike Allen #8235 (Document 1) and Deputy Daniel Evans (Document 2) both of the Caldwell County Sheriff's Office.

These officials are directly involved and their supplemental 'incident reports' are submitted in regards to the events that led upto the conviction in-question i.e. State of Texas v. Joe W. Conway Cause No. 13-169 and is now the petition of Ex parte Joe W. Conway Cause No. WR-81, 420-02 currently before this Honorable Court.

These Supplemental Incident Reports attached hereto are evidence relevant to my petition because they contain material facts that directly support the asserted claim of 'ineffective assistance of counsel

AFF'D CON'T.

arising from the deficient performance of counsel otherwise not manifested on the face of the trial court's record but essentially needs to be presented to this habeas corpus as evidence regarding the objective unreasonableness of counsel's performance in light of the circumstances [ of omitting to present the Fourth Amendment defense elements that were available to me as an option to rejecting the prosecutions offer ] as it existed at the time of my guilty plea.

ATTACHMENTS:

1. Document 1 = Det. Allen's Supplemental Incident Report
   IR Number: 2013060096      (5 pages)

2. Document 2 = Deputy Evans Supplemental Incident Report
   IR Number: 2013060096      (9 pages)

   I, Joe W. Conway, under penalties for perjury do state and declare that all the contents within this foregoing affidavit and the facts addressed are true and correct.

   Texas Civil Practice and Remedies Code does authorize incarcerated persons to submit unsworn affidavits pursuant to section 132.001.

Joe W. Conway - 1904890
Eastham Unit
2665 Prison Rd. #1
Lovelady, Tx. 75851

EXECUTED:
November 9, 2015.

PG. 2          2 of 2

# ATTACHMENT

## 1 DOCUMENT 1

## DET. MIKE ALLEN'S

## SUPPLEMENTAL INCIDENT REPORT

IR NUMBER: 201306 0096

5 pages

PR - SUPPLEMENTAL REPORT

PR Number: 2013060096    Disposition: Cleared By Arrest

Supplemental Date:    6/30/2013    6:03:39PM

June 28, 2013 Detective Allen was employed and on duty for Caldwell County Sheriff's office. Detective Allen was assigned to the Caldwell County Criminal Investigation Division as a Narcotics Investigator #8235. Detective Allen was contacted by Caldwell County Criminal Investigations Capt. Hernandez #8204. Detective Allen was instructed by Capt. Hernandez to respond to the What-a-burger restaurant in Lockhart, Tx. and assist Caldwell County Patrol Deputies.

Detective Allen met with Caldwell County Deputies Daniel Evans and Kyle McConnell Deputy Allen was briefed by Deputy Evans that they were conducting a stop on a vehicle in the parking lot of What-a-burger. Deputy Evans stated the driver of the vehicle identified as Joe W. Conway, Jr. of Austin, Tx. a W/M DOB 7/27/73 had refused consent to allow Deputies to search the vehicle. Deputy Evans stated the Lockhart Police Canine Unit had also (typo) preformed an open air sniff of the vehicle and the canine did not provide a positive alert. Deputy Evan stated a second occupant of the vehicle identified as Tori Madison

Stoltzman of Austin, Tx. a W/F DOB 9/05/93 was under arrest for outstanding drug warrants in Williamson County, Tx. Deputy Evans stated the vehicle, a 1999 Chevrolet single cab truck, Black and Gray in color displayed a Texas License Plate # AJ8-8598 that returned from DMV assigned to a different truck. Deputy Evans stated the VIN number displayed on the truck #1GCEK14T2XZ-209241 returned from MDV (typo) to the correct vehicle. Deputy Allen noted the Vin number included a character (K) that indicated the vehicle was to be a four wheel drive vehicle and the vehicle in question was a two wheel drive vehicle, Detective Allen spoke to Joe W. Conway, Jr. Detective Allen asked questions about the vehicle and about the possibility of drugs being inside the vehicle. Detective Allen was aware that Deputy Evans had an arrest charge against Joe W. Conway, Jr. for displaying the fictitious vehicle license plate on the truck and that Joe W. Conway, Jr. had claimed ownership of the truck.

Detective Allen contacted the Caldwell County District Attorney's office via cell phone #512-398-1811. Detective Allen spoke to Felony prosecutor Katie Alsobrook and requested an opinion on making the arrest of Joe W. Conway, Jr. and towing the vehicle in-question and (typo) conduction a complete inventory of the vehicle subject to the arrest before releasing the vehicle to a wrecker company. DA Katie Alsobrook agreed the arrest and inventory of the vehicle was within the law.

Detective Allen observed the arrest and transport of both Joe W. Conway, Jr. and Tori Madison Stotzman by Deputies Evans and McConnell. Detective Allen conducted a complete inventory of the vehicle and completed an inventory impoundment document.

Detective Allen located what appeared to be illicit narcotics inside the vehicle. Deputy Allen obtained photographs of the inventory and findings. Deputy Allen began to observe and collect items indicative of narcotics distribution and dealing. Det. Allen possessed knowledge through training and experience that when certain items were found along with narcotics it was reasonable and prudent to believe the persons in possession of items could be believed to be narcotics dealers, distributors, and traffickers. Detective Allen knew that a reasonable person would believe that a regular narcotics addict/user does not possess those items.

Detective Allen collected and photographed the items of evidence which included, a baggie containing 11.0 grams of suspected methamphetamines, a baggie containing 1.3 grams of suspected heroin, a ledge book containing multiple names of persons referred to as "My Clientel" and amounts beside their names and frequency of delivery and other names and titles of rank in an organization called vio-enforcement team, a police scanner, five cell phones that continuously rang the whole time of inventory and an assortment of identification cards from Hays County Jail and Texas offender Id from Tx. Dept. of Corrections.

Detective Allen had the vehicle towed to the Caldwell County Sheriff's office by Performance Wrecker Service of Lockhart. A hold was placed on the vehicle after ~~completing~~ completion of the inventory and evidence collection until it can be determined the vehicle is not stolen.

Detective Allen utilized narcotics field testing kits on the two suspected drugs found. The suspected off white crystalline substance tested positive for Methamphetamines. The bag of Methamphetamines was found in a common area of the truck in the center console. Detective Allen charged both Joe W. Conway, Jr. and Tori Madison Stoltzman with POCS PG1 = 4GR. < 200GR.

Detective Allen tested the gummy substance that was ~~brown~~ brown in color found in a back pack belonging to Tori Madison Stoltzman. The substance ~~tested~~ positive for Heroin. Tori Madison Stoltzman was additionally charged with POCS 1GR < 4GR.

Detective Allen photographed the test kit result color indications and placed the narcotics evidence into the Caldwell County Evidence locker #15. Det. Allen logged the evidence entry into the case report. Detective Allen completed a Texas Dept. of Public Safety Laboratory document requesting the evidence be sent for additional testing for verification.

Detective Allen examined the cell phones and observed multiple pictures on the phones that further showed the relation indicative to narcotics distribution. Detective Allen observed pictures of large bags of rolled U.S. currency in 100 and 20 denominations. Detective Allen observed text messages on the phones from people talking in a form of street language used and familar to Detective Allen in the field referring to drug dealing. People asking how much for a whole onion, talking about wanting $180.00 worth and other similar type messages.

Although the case has been cleared by arrest, the investigation to determine if the truck is stolen is on going. Additional charges could be added as a result of the findings. It was also found that Joe W. Conway, Jr. is a professed Aryan Brotherhood gang member with tattoos of nazi swastika's photographed at booking. An investigation is on going to determine if the ledger book found in the vehicle driven by him logging members of a VIO or violence enforcement team and multiple names of enforcers is related to the Aryan affiliation.

Detective Allen placed the photographic evidence on two CD's. Detective Allen placed the two evidence disc into CCSO evidence locker #15. D1-3844 Detective Allen logged the CD entry into the case file.

Det. Mike Allen #8235
Caldwell County Sheriff's Office
Criminal Investigations
Narcotics Division

# ATTACHMENT

## 1 DOCUMENT 2

## DEPUTY DANIEL EVANS

## SUPPLEMENTAL INCIDENT REPORT

IR NUMBER: 2013060096

9 pages

CALDWELL COUNTY          Document 2
SHERIFF'S OFFICE         Deputy D. Evans
                              (9 pages)
IR - SUPPLEMENTAL REPORT

IR Number: 2013060096     Disposition: Cleared by
                                        Arrest

Supplemental Date   6/30/2013   7:41:21AM

CASE # 2013060096

OFFENSE: Possession of a Controlled Substance
              PG 1 >= 4G < 200G x2
     Possession of a Controlled Substance PG 1 >= 1G < 4G
     Display Fictitious License Plate

INTRODUCTION:

On June 28th, 2013 at 1220 hrs, Deputy Evans was employed as a Patrol Deputy for the Caldwell County Sheriff's office. Deputy Evans is assigned to the Patrol Division and operates a distinctly marked Caldwell County Sheriff's Office Patrol Unit (#903), equipped with a Watch Guard in-car video camera system. On June 28, 2013 Deputy Evans was informed that Deputy McConnell, a Deputy Sheriff with the Caldwell County Sheriffs Office, needed assistance on a scene located at 100 State Park Road Lockhart, Tx 78644. Deputy Evans arrived on scene. Deputy Evans observed Deputy McConnell make two arrests. Deputy Evans returned to service at 1321 hrs.

## SCENE SUMMARY:

See Original

## DETAILS OF OFFENSE:

See Original

## INTERVIEW OF COMPLAINT/VICTIM:

See Original

## INTERVIEW WITH SUSPECT:

Suspect: Joe Wayne Conway Jr.

In a noncustodial verbal statement Joe Conway Jr. stated that he was the owner of the black in color 1999 Chevrolet pickup truck with Texas License plate 8KNL84. Joe Conway Jr. stated that he had recently purchased the above stated vehicle from Clay Ellis. Joe Conway Jr. stated that he has not transferred the vehicle's title from Clay Ellis's name into his name. Joe Conway Jr. stated the above stated vehicle had Texas license plate 8KNL84 on the black in color 1999 Chevrolet pickup truck when he purchased the vehicle from Clay Ellis.

Joe Conway, Jr. stated he met the passenger in the vehicle, later identified as Tori Madison Stoltzman W/F DOB 9/05/1993, approximately one week ago. Joe Conway, Jr. stated there was not any illegal contraband inside of the black in color 1999

Chevrolet pickup truck to his knowledge. Joe Conway Jr. stated he would not give Law Enforcement consent to search the black in color 1999 Chevrolet pickup truck because he was unsure if Tori Stoltzman had any illegal substances in her bags that were inside of Joe Conway Jr's vehicle.

INJURIES:

See Original

DEPUTY'S ACTIONS:

On June 28th, 2013 Deputy Evans was informed that Deputy McConnell, a Deputy Sheriff with the Caldwell County Sheriff's Office, needed assistance on a scene located at 100 State Park Road Lockhart, Tx. 78644. Deputy Evans arrived on scene. Deputy Evans observed a newer model black in color Chevrolet pick up truck parked, facing southwest, in a parking space in the Whataburger parking lot. Deputy Evans observed that the license plate for the above stated vehicle was Texas plate 8KNL84. Deputy Evans observed a male, later identified as Joe Wayne Conway Jr. W/M DOB: 07/27/1973, standing on the driver's side of the above stated vehicle near the bed of the pick up truck. Deputy Evans observed another suspect, later identified as Tori Madison Stoltzman W/F DOB: 09/05/1993, sitting in the front passenger seat of the above stated vehicle.

Deputy Evans heard the Caldwell County Sheriff's Office Telecommunications officer confirm that Texas license plate BKNL84 was registered to an unknown color 1988 Chevrolet pickup truck. Deputy Evans observed that the black in color Chevrolet pickup truck that was parked in the above stated the parking space was a definitely a newer model pickup truck than a 1988 model pickup truck.

Deputy Evans heard Deputy McConnell give the Caldwell County Sheriff's Office Telecommunications officer a second Texas license plate number, AJ88598. Deputy Evans heard the Caldwell County Sheriff's Office Telecommunications officer state that Texas license plate number AJ88598 returned to a black and silver in color 1999 Chevrolet pickup truck. Deputy Evans heard the Caldwell County Sheriff's Office Telecommunications officer state that the registered owner of the above stated vehicle was Clay Ellis.

Deputy Evans observed Deputy McConnell identify both of the vehicle's occupants through the Caldwell County Sheriff's Office Telecommunications officer. Deputy Evans heard the Caldwell County Sheriff's Office Telecommunications officer state that Tori Stoltzman had an active outstanding warrant. Deputy Evans observed Deputy McConnell place Tori Stoltzman in custody and place her in the right rear caged portion of Deputy McConnell's patrol unit.

Deputy Evans observed Deputy McConnell confirm that the Vehicle Identification Number (V.I.N.) on the black in color Chevrolet pickup truck matched the VIN numbers registered to Texas license plate AJ88598. Deputy Evans observed that the Texas license plates that were currently being displayed on the black in color Chevrolet pick up truck were BKNL84. Deputy Evans observed that the black in color Chevrolet pickup truck, allegedly owned by Joe Wayne Conway, Jr. did not have the correct Texas license plate attached to the vehicle.

Deputy Evans heard Deputy McConnell ask Joe Conway Jr. if there was any illegal contraband inside of the black in color 1999 Chevrolet pickup truck. Deputy Evans heard Joe Conway Jr. state that he did not know of any illegal items inside of the above stated vehicle. Deputy Evans heard Deputy McConnell ask Joe Conway for consent to search the above stated vehicle to confirm that there was not any illegal contraband inside. Deputy Evans heard Joe Conway Jr. state that he would not give Deputy McConnell consent to search the black in color 1999 Chevrolet pickup truck because Joe Conway Jr. was unsure if Tori Stoltzman had any illegal contraband inside any of her property that was currently inside the above stated vehicle.

Deputy Evans informed Captain Hernandez of the Caldwell County Sheriff's Office Criminal Investigations Division that Joe Conway Jr. acknowledged that there may be illegal items/substances inside of the black in color 1999 Chevrolet pickup truck yet refused to give

consent to Deputy McConnell to search the vehicle for the above stated items. Deputy Evans was informed that the Caldwell County Sheriff's K-9 unit was not currently on duty. Deputy Evans requested Lockhart Police Department's K-9 unit to come to Deputy McConnell's location to perform a free air search of the exterior of the black in color 1999 Chevrolet pickup truck.

Deputy Evans observed Lockhart Police Department officer Lewis and his K-9 partner arrive on the scene. Deputy Evans was informed by Deputy McConnell that there was a small puppy inside of the black in color Chevrolet pickup truck. Deputy Evans was informed that the small puppy needed to be removed from the black in color 1999 Chevrolet pickup truck prior to officer Lewis's K-9 partner conducting the free air search of the exterior of the above stated vehicle. Deputy Evans observed Deputy McConnell and Joe Conway Jr. remove the puppy from the above stated vehicle. Deputy Evans observed officer Lewis's K-9 partner conduct a free air search of the exterior of the black in color Chevrolet pickup truck.

Deputy Evans heard officer Lewis state that his K-9 partner showed interest in several different locations on the black in color 1999 Chevrolet pickup truck yet did not give a full positive alert on the vehicle. Deputy Evans heard officer Lewis state that his K-9 partner was showing interest near the passenger side door of the black in color Chevrolet pickup truck along with the tool box located in the bed of the above stated vehicle.

Deputy Evans observed Detective Allen with the Caldwell County Sheriff's Office Criminal Investigations Division arrive on scene. Deputy Evans informed Detective Kenny Murchison of the Sheriff's Combined Auto Theft Task Force that the black in color 1999 Chevrolet pickup truck was currently displaying Texas license plates registered to a 1988 Chevrolet pickup truck and that neither of the occupants found inside of the above stated vehicle were listed as registered owners of the vehicles registered to Texas license plate AJ88598 or Texas license plate 8KNL84. Deputy Evans was informed that Detective Murchison would be enroute to perform a VIN inspection on the black in color 1999 Chevrolet pickup truck.

Deputy Evans was informed by Deputy McConnell that he was placing Joe Conway Jr. under arrest for the offense of Displaying Fictitious License Plates. Deputy Evans instructed Officer Garrett of the Caldwell County Sheriff's Office Animal Control to come to the scene to take custody of the small puppy that was retrieved from the vehicle by Joe Conway Jr. Deputy Evans observed Officer Garrett arrive on the scene and take custody of the above stated puppy.

Deputy Evans observed Deputy McConnell place Joe Conway Jr. in custody for the offense of Displaying Fictitious License Plates. Deputy Evans placed Joe Conway Jr. in the right rear seat of patrol unit #903. Deputy Evans heard Deputy McConnell request the next rotation wrecker to come to the scene to tow the black in color 1999 Chevrolet pickup truck. Deputy

Evans heard the Caldwell County Sheriff's office Telecommunications officer state that Performance Wrecker was enroute to the scene.

Deputy Evans and Deputy McConnell were informed by Detective Allen that he would remain on the scene and maintain custody of the vehicle until Performance Wrecker Service arrived. Deputy Evans transported Joe Conway Jr. to the Caldwell County Jail. Deputy Evans observed Deputy McConnell transport Tori Stoltzman to the Caldwell County Jail. Deputy Evans heard officer Garrett state that she was transporting the small puppy that Joe Conway Jr. retrieved from the black in color 1999 Chevrolet pickup truck to the Lockhart Animal Shelter. Deputy Evans and Deputy McConnell released the above stated subjects to the Caldwell County Jail staff. Deputy Evans released all of Joe Conway's property to jail staff. Deputy Evans returned to service.

Deputy Evans was informed that Detective Allen had the black in color 1999 Chevrolet pickup towed by Performance Wrecker Service to the Caldwell County Sheriff's office for the VIN inspection and vehicle inventory. Deputy Evans was informed that approximately eleven grams of a white crystal like substance was found inside of the above stated vehicle that field tested positive for methamphetamines. Deputy Evans was informed that approximately 1.3 grams of a brown tar like substance was also located inside of the black in color 1999 Chevrolet pickup truck that field tested positive for heroin.

REAL EVIDENCE:

DI 3840 Digital Video # 12C0506116 entered into evidence.

EVIDENCE TAGGED/PROPERTY TAGGED:

DI 3840 Digital Video # 12C0506116 entered into evidence.

HOSPITAL INVESTIGATION:

See Orginal

CORONER INVESTIGATION:

See Orginal

CASE STATUS:

see Orginal